UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on February 15, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | MAGISTRATE NO: 22-MJ-0117 |
| JAMES FITZGERALD HONESTY, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| Defendant. | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Heroin, and Amphetamines, a Schedule I Narcotic Drug Controlled Substances) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Unlawful Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Phencyclidine, a Schedule II Narcotic Drug Controlled Substance) |
| | : | 18 U.S.C. § 924(c)(1)(A) (Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense) |
| | : | FORFEITURE: 18 U.S.C. § 924(d), 21 U.S.C. §§ 853(a) and (p), and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about May 23, 2022, within the District of Columbia, **JAMES FITZGERALD HONESTY**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case

No. 2009-CF1-25972, and in the United States District Court for the District of Maryland, Criminal Case No. GLR-8-12-CR-00485-001, did unlawfully and knowingly receive and possess a firearm, that is, a Springfield Armory XPM-9, 9mm semi-automatic handgun, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT TWO

On or about May 23, 2022, within the District of Columbia, **JAMES FITZGERALD HONESTY**, did unlawfully, knowingly, and intentionally possess with intent to distribute a substance containing a detectable amount of heroin, and amphetamines, a Schedule I controlled substances.

**(Unlawful Possession with Intent to Distribute Heroin, and Amphetamines**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

### COUNT THREE

On or about May 23, 2022, within the District of Columbia, **JAMES FITZGERALD HONESTY**, did unlawfully, knowingly, and intentionally possess with intent to distribute a substance containing a detectable amount of phencyclidine, a Schedule II controlled substance.

**(Unlawful Possession with Intent to Distribute Phencyclidine,** in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FOUR

On or about May 23, 2022, within the District of Columbia, **JAMES FITZGERALD HONESTY**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Counts One, Two, and Three of this Indictment which is incorporated herein, a firearm, that is, a Springfield Armory XPM-9, 9mm semi-automatic handgun.

**(Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(A))

## FORFEITURE ALLEGATION

1.  Upon conviction of the offense alleged in Counts One, Two and/or Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a Springfield Armory XPM-9, 9mm semi-automatic handgun and 9mm ammunition.

2.  Upon conviction of either of the offenses alleged in Counts One, Two, and Three of this indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a)   cannot be located upon the exercise of due diligence;

   (b)   has been transferred or sold to, or deposited with, a third party;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Groves /GPR*

Attorney of the United States in
and for the District of Columbia.